UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HOME TRANSITION SPECIALIST, LLC,<br>    Plaintiff,<br><br>v.<br><br>MARGARET L. FEGELY,<br>    Defendant. | Civil Action No. 3:23CV352 (RCY) |

**MEMORANDUM OPINION**

Margaret L. Fegely ("Ms. Fegely"), appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Notice of Removal and Federal Stay of Proceedings Pursuant to 28 U.S.C. § 1446(a). IFP Appl., ECF No. 1; Notice of Removal, ECF No. 1-1. Ms. Fegely also filed a Notice of Emergency Motion for Extension of Time (ECF No. 1-2) with her Notice of Removal. Based on the financial information contained in Ms. Fegely's IFP Application, the Court is satisfied that Ms. Fegely qualifies for *in forma pauperis* status. Accordingly, Ms. Fegely's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file Ms. Fegely's Notice of Removal. However, for the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this action. Therefore, the Court will REMAND this case to the Hanover General District Court.

**I.  BACKGROUND AND DISCUSSION**

On an unknown date, Plaintiff Home Transition Specialist, LLC, initiated an action in Hanover County General District Court—Case No. V23-1057—to reduce a foreclosure claim to judgment. *See* Notice of Removal – Letter of Complaint, ECF No. 1-1, 2. Ms. Fegely seeks to

remove[1] the state court action to this Court and claims that the state court proceeding violates her rights under federal law, specifically, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

Upon review, the Court finds that it lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); and (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

"A defendant is permitted to remove a state court action to federal court only if the plaintiff could have originally filed such action in federal court." *Fannie Mae v. Young*, No. 2:12cv471, 2013 U.S. Dist. LEXIS 143327, at *6 (E.D. Va. Aug. 12, 2013); *see* 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction . . . [and] any doubts about the propriety of removal should be resolved in favor of remand to state court." *Dominion Pathology Labs, P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 735 (E.D. Va. 2015) (first alteration in original) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction

---

[1] She also occasionally references her removal as an "appeal".

on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."). With respect to actions that are removed from state court to federal court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1477(c).

Here, the Court finds that it cannot exercise diversity jurisdiction over this action because Ms. Fegely has not established that diversity of citizenship exists between the parties, and because the Court cannot exercise federal question jurisdiction over this action. As explained above, this matter involves reducing a foreclosure to judgment—a process that arises solely under Virginia law. Although Plaintiff raises objections to the underlying state court proceedings predicated on the FDCPA, those objections do not independently create federal jurisdiction where the underlying complaint—brought by Home Transition Specialist, LLC—does not appear to implicate any federal claim, and the FDCPA does not create preemptive power of review for a federal court.[2] Ms. Fegely cannot bootstrap her FDCPA claims against Plaintiff to Plaintiff's wholly-state-law-claims and thereby create federal jurisdiction and thus grounds for removal. Again, "the federal question [must be] presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)), and a defendant may not use supplemental jurisdiction as a source of federal question

---

[2] The Court does not have the benefit of having the state court complaint before it, as Ms. Fegely did not attach it to her Notice of Removal. However, based on Ms. Fegely's allegations and the arguments in her Notice of Removal and accompanying filings, it is apparent that the only proceedings before the state court relate to property foreclosure.

3

subject-matter jurisdiction. See § 3722 Removal Based on Federal-Question Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3722 (Rev. 4th ed.). Here, because Plaintiff could not have brought its action to reduce a foreclosure claim to judgment in federal court, Ms. Fegely cannot raise a new issue—outside of the face of Plaintiff's foreclosure-judgment complaint—to create federal question jurisdiction.[3,4]

Under these circumstances, the Court finds that it lacks subject matter jurisdiction over this action, and as a result, this action will be REMANDED to the Hanover General District Court. *See Fannie Mae*, 2013 U.S. Dist. LEXIS 143327, at *12–17 (remanding an unlawful detainer action to state court based on a lack of subject matter jurisdiction).

## II. CONCLUSION

For the reasons set forth above, Ms. Fegely's IFP Application, ECF No. 1, will be GRANTED, and the Clerk will be DIRECTED to file Ms. Fegely's Notice of Removal. However, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court will REMAND this case to the Hanover General District Court.

An appropriate Order shall issue.

/s/ [signature]
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 14, 2023

---

[3] The Court makes no findings as to the merit of Ms. Fegely's FDCPA complaints against Plaintiff. Regardless of any potential merit, a removal action is simply not the medium by which those complaints can be heard in this Court.

[4] Because no amount of re-pleading can create a question of federal law out of Plaintiff's state-law foreclosure action, the Court will not grant Ms. Fegely leave to amend her Notice of Removal.